LINK: 11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9311 GAF (AJWx) | Date | March 4, 2013 |
|---|---|---|---|
| Title | Otter Products LLC v. Custom Offshore Tackle LLC et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** (In Chambers)

## ORDER TO SHOW CAUSE RE: PERSONAL JURISDICTION

I.
INTRODUCTION AND BACKGROUND

Plaintiff Otter Products, LLC, an LLC formed in Colorado with its principal place of business in Fort Collins, Colorado, is a leading manufacturer, distributor, and retailer of protective cases and accessories for personal electronic devices such as cell phones, readers, and tablets. Plaintiff asserts that "Defendants' actions within this district directly interfere with and damage Plaintiff's commercial efforts and endeavors and harms Plaintiff's goodwill within this Venue." (Docket No. 1. [Compl.] ¶¶ 1, 22, 24-25.)

Plaintiff is also the exclusive owner of federally-registered trademarks, including Registration Nos. 2287619 (Otter Box)[1]; 3791318 (Otter symbol); 3788535 (Otter Box); 3788534 (Otterbox); 3865367 (phrase "We've got technology covered"); and 3623789 (Defender Series) in connection with protective cases for handheld electronic devices. (Compl. ¶¶ 30-32, Exs. A-F.) In this lawsuit, Plaintiff alleges that Defendants Custom Offshore Tackle, LLC and Loannis P. Choutris (collectively "Defendants") operate an eBay web page on which Defendants offered for sale counterfeit cases bearing Plaintiff's marks. (Compl. ¶¶ 35-36.) "As of May 4, 2012, Defendants' webpage showed at least 1,190 prior sales of OTTERBOX-branded products with a total 11,733 units listed for sale." (Id. ¶ 36; Docket No. 11-1, [Declaration of

---

[1] Unlike the other marks, this mark was registered in connection with water-tight containers for outdoors recreational use.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9311 GAF (AJWx) | Date | March 4, 2013 |
|---|---|---|---|
| Title | Otter Products LLC v. Custom Offshore Tackle LLC et al | | |

Ani S. Garibyan ("Garibyan Decl.")] ¶ 8, Exs. I-J.)  On August 7, 2012, in its ongoing investigation of counterfeit sales of Otter-branded products, Plaintiff purchased an "OtterBox iPhone 4 4S Defender Series Camo Orange Shell - FREE SHIPPING" from Defendants to determine its authenticity.  (Compl. ¶ 38; Garibyan Decl. ¶¶ 9-10, Exs. K-L.)  Defendants shipped the purchased item to a Calabasas, California address, and Plaintiff's inspection of the item confirmed that it was in fact a counterfeit.  (Compl. ¶ 39; Garibyan Decl. ¶ 10, Exs. K-L.)

Plaintiff filed suit in this Court on October 30, 2012 and asserted violations of § 32 of the Lanham Act, 15 U.S.C. § 1114 (trademark infringement); § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (false designation of origin/unfair competition); § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) (trademark dilution); and Cal. Bus. & Prof. Code sections 17200 et seq. (unfair business practices).  Defendants were each personally served at an address in Virginia Beach, Virginia, on December 5, 2012, and have not appeared in this action to date.  (Compl. ¶¶ 2-3; Garibyan Decl. ¶ 15.)  The court clerk entered default against them on January 17, 2013.  (Docket No. 10.)  Plaintiff now seek entry of default judgment against Defendants.  (Docket No. 11.)

However, for the reasons discussed below, the Court cannot presently determine whether it may exercise personal jurisdiction over Defendants.  Accordingly, Plaintiff is **ORDERED to show cause** why the case should not be dismissed for lack of personal jurisdiction.

**II.
DISCUSSION**

**A.  SUA SPONTE CONSIDERATION OF PERSONAL JURISDICTION**

"In most circumstances, a defect in personal jurisdiction is a defense that may be asserted or waived by a party."  In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) (citing Fed. R. Civ. P. 12(h)(1)).  However, "[w]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."  Id.  "To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."  Id.; see also William W. Schwarzer et al., Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions § 6:214 (2012) ("The principle that a party may silently suffer a default judgment and later challenge personal jurisdiction is a foundational principle of federal jurisdictional law." (citing Jackson v. FIE Corp., 302 F.3d 515, 522 (5th Cir. 2002))); DFSB Kollective Co., Ltd. v. Bing Yang, No. 11–cv–01051 CW (NC), 2012 WL 1835710, at *2–3 (N.D. Cal. May 21, 2012) (on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9311 GAF (AJWx) | Date | March 4, 2013 |
|---|---|---|---|
| Title | Otter Products LLC v. Custom Offshore Tackle LLC et al | | |

motion for default judgment, ordering plaintiffs to show cause why the magistrate should not recommend to the district court that the action should be dismissed for lack of personal jurisdiction and improper venue).

**B. PERSONAL JURISDICTION STANDARD**

Because this Court sits in California and no federal law governs personal jurisdiction over this case, the Court must apply California's long-arm statute. Fed. R. Civ. P. 4(k)(1)(A); Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). "California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008); see also Cal. Civ. Proc. Code § 410.10. Under federal due process standards, to exercise personal jurisdiction over a non-resident defendant, "that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The extent and type of contacts a defendant may have with the forum state can give rise to two types of jurisdiction: general or specific. Data Disc, Inc. v. Sys. Tech. Assocs., 557 F.2d 1280, 1285 (9th Cir. 1977).

"If the nonresident defendant's activities within a state are 'substantial' or 'continuous and systematic,' there is a sufficient relationship between the defendant and the state to support jurisdiction even if the cause of action is unrelated to the defendant's forum activities." Id. at 1287 (citation omitted). Specific jurisdiction may be established where the plaintiff's claims derive from the defendant's contacts with the forum state. Id. To establish specific jurisdiction, Plaintiff must show that Defendants "either purposefully availed [themselves] of the privilege of conducting activities in California, or purposefully directed [their] activities toward California." Schwarzenegger, 374 F.3d at 802. A purposeful direction analysis is most often used in suits, such as this trademark action, that sound in tort. Id.; see also Panavision Int'l L.P. v. Toeppen, 141 F.3d 1316, 1321 (9th Cir. 1998) (stating a trademark infringement action is "akin to a tort case"). To determine whether jurisdiction is proper under the "purposeful direction" prong, the Ninth Circuit employs the Calder v. Jones, 465 U.S. 783 (1984) "effects test" which requires proof of three elements: "the defendant allegedly [must] have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006) (citing Schwarzenegger, 374 F.3d at 803). To satisfy this test, the brunt of the alleged harm need not have been suffered in the forum state so long as a "jurisdictionally sufficient" amount of harm is suffered. Id. at 1207.

LINK: 11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9311 GAF (AJWx) | Date | March 4, 2013 |
|---|---|---|---|
| Title | Otter Products LLC v. Custom Offshore Tackle LLC et al | | |

**C. APPLICATION**

In this case, neither Plaintiff nor Defendants are residents of this forum. Plaintiff does not allege, in other than the most conclusory fashion, continuous and systematic contacts between Defendants and this forum supporting the exercise of general jurisdiction. Nor has it shown that Defendants, as non-residents, expressly aimed their tortious conduct at California, causing harm that they knew was likely to be suffered in California, supporting the exercise of specific personal jurisdiction. Moreover, there is no evidence in this case suggesting that Defendants' eBay page, despite being interactive, targets or is in any way directed toward California. See Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1230–32 (9th Cir. 2011). Indeed, on the available evidence, Defendants' only contact with California is a single sale of a counterfeit cell phone case to Plaintiff itself (see Garibyan Decl. ¶¶ 9-10, Exs. K-L.), and the Court is not aware of any case in which jurisdiction was found based on one sale to the forum. In fact Ninth Circuit authority strongly indicates otherwise. See Boschetto, 539 F.3d at 1019 ("At bottom, the consummation of the sale via eBay here is a distraction from the core issue: This was a one-time contract for the sale of a good that involved the forum state only because that is where the purchaser happened to reside, but otherwise created no 'substantial connection' or ongoing obligations there.") Accordingly, the evidence before the Court suggests that personal jurisdiction may not be asserted in this district over the defendant in this case. Plaintiff is therefore **ORDERED to show cause** as to why the case should not be dismissed for lack of personal jurisdiction.

**III.
CONCLUSION**

Based on the foregoing, Plaintiff is **ORDERED TO SHOW CAUSE no later than the close of business on Monday, March 18, 2013,** why this case should not be dismissed for lack of personal jurisdiction.[2] **Failure to respond by this deadline will be deemed consent to dismissal.** The hearing on Plaintiff's Application for Default Judgment, presently scheduled for Monday, March 11, 2013, is hereby **CONTINUED** to **Monday, March 25, 2013**.

**IT IS SO ORDERED**.

---

[2] In responding to this order to show cause, Plaintiff is strongly urged to read this Court's prior order in Sennheiser Electronic Corporation et al v. Kseniya Evstigneeva et al, CV 11-7884 GAF (FFMx), Docket No. 19. Plaintiff's counsel should already be familiar with this order, given that they were counsel in that case as well.